UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENNETH L. REUSSER AND
GERTRUDE REUSSER,

      Plaintiffs,

v.                                                                  Civil No. 06-112-HA

WACHOVIA BANK, NA,                                OPINION AND ORDER
WASHINGTON MUTUAL BANK, FA,
STEVEN C. NAKAMOTO,
GEORGIANNA K. NAKAMOTO,

      Defendants.

_____

HAGGERTY, Chief Judge:

      Defendants Wachovia Bank and Washington Mutual Bank (Bank defendants) move to dismiss

plaintiffs' Complaint in its entirety for lack of subject matter jurisdiction and for failure to state a claim

upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

1 - OPINION AND ORDER

Specifically, Bank defendants move to dismiss plaintiffs' First, Second, Third, and Fourth Claims for lack of subject matter jurisdiction under what is known as the *Rooker-Feldman* doctrine. Bank defendants alternatively move to dismiss the First Claim for failure to allege state action sufficient to state a claim under 28 United States Code Section 1983. Finally, defendants move to dismiss the Fifth Claim on grounds that because of an earlier judgment of the Bankruptcy Court, plaintiffs are collaterally estopped from re-litigating this claim. Plaintiffs Kenneth and Gertrude Reusser (plaintiffs) oppose this motion. For the following reasons, Bank defendants' Motion to Dismiss is granted.

**BACKGROUND**

Plaintiffs are an eighty-four-year-old disabled retired Marine Corps Colonel and his sixty-five-year-old wife. In December 2001, plaintiffs borrowed $860,000 from Long Beach Mortgage Company. Plaintiffs stopped making payments on this loan in May 2002. Long Beach assigned its interest to Wachovia Bank in April 2003. Wachovia gave notice to plaintiffs that it intended to foreclose on the property through Washington Mutual Bank, the loan servicing institution.

Plaintiffs declared bankruptcy, which stayed the foreclosure sale temporarily. The Bankruptcy Court ultimately lifted this stay, allowing the foreclosure sale to proceed.

Plaintiffs remained on the property after the sale, prompting Wachovia to institute a Forcible Entry and Detainer (FED) proceeding in Washington County Circuit Court. The accompanying Residential Eviction Complaint stated that Wachovia was entitled to possession of the residence based on the trust deed foreclosure, and that plaintiffs must appear in court on March 1, 2004, or default judgment would be granted to Wachovia. Plaintiffs wrote "Rejected for Cause Without Dishonor" across this complaint and summons and returned them to the Circuit Court by registered mail, along with a "First Amendment Petition for Abatement of Action" signed by both Kenneth and Gertrude

Reusser.  Wachovia sent a second summons to the residence, which was returned in the same manner as above.  Both complaints and summons were addressed to "Kenneth L. Reusser, and all occupants."

The First Amendment Petition for Abatement of Action was accepted initially by the court clerk, but was returned to Kenneth Reusser for want of a $93 filing fee.  Plaintiffs' address on the Petition was listed as 6107 Southwest Murray Boulevard, #203, Beaverton, but the court sent the Petition to 17345 Southwest Reusser Court, Beaverton, the address of the property at issue.  The United States Post Office eventually returned the undelivered petition to the trial court.  Wachovia was also served with a copy of this Petition.

Plaintiffs did not appear at the scheduled hearing.  They attribute their absence to a mistaken belief that their filing of a written Petition constituted an appearance.  Wachovia did not provide plaintiffs with a ten-day notice of default, which plaintiffs argue is required by Oregon Rule of Civil Procedure 69(A)(1), nor did Wachovia provide the trial court with an affidavit that it had done so.

At the hearing the Circuit Court entered a default judgment in favor of Wachovia, and provided a deadline of March 14, 2004, for "Kenneth L. Reusser & All Occupants" to vacate the property.  This notice explained that a Washington County Sheriff would remove any occupants and all personal property if the premises was not vacated by that date.

On March 19, 2004, plaintiffs were escorted off the property by the Sheriff.  Plaintiffs allege that Wachovia instructed the Sheriff that Kenneth Reusser was expected to present a danger to the Sheriff, and that because of that warning the Sheriff removed plaintiffs from the residence with drawn guns and a battering ram.

Plaintiffs re-entered the property in late March 2004 without permission, changed the locks, and remained there until June 2004.  At that time, they were once again removed pursuant to a Complaint of Criminal Trespass.

In July 2004 plaintiffs' motion to vacate the default action was denied after a hearing.  Plaintiffs appealed, but did not seek to stay their removal from the property or halt the re-sale of the property.  The property was sold to co-defendants Nakamoto in August 2004.

On March 10, 2005, the Oregon Court of Appeals dismissed plaintiffs' appeal as moot because neither Wachovia nor the Reussers was in possession of the residence.  On February 14, 2006, the Oregon Supreme Court denied plaintiffs' petition for review.

**ARGUMENT**

**1.  Should the First, Second, Third, and Fourth Claims be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine?**

A United States District Court "has no authority to review final judgments of a state court in judicial proceedings."  *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 473 (1983); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  This rule is known as the *Rooker-Feldman* doctrine.  The rule extends to situations in which a district court is asked to hear a claim that was not argued in state court but is "inextricably intertwined" with the state court judgment.  *Feldman*, 460 U.S. at 483 n.16.

Plaintiffs' action seeks to collaterally attack the decision of the Oregon Circuit Court regarding foreclosure.  Claim One, asserting that Wachovia Bank acted together with Washington County officers, clerks, judges, and the Sheriff to violate the Reussers's due process rights, is so closely intertwined with the state court's foreclosure and eviction that it must be barred.

Previously, plaintiffs asked for Oregon state courts to vacate the default judgment in the FED action on grounds nearly identical to those asserted in the current Complaint.[1]  Both the Washington County Circuit Court and Oregon Court of Appeals declined to do so.  Plaintiffs may not seek federal review of a state court judgment by re-casting their complaint as a civil rights action.  *Hagerty v. Succession of Clement*, 749 F.2d 217, 220 (5th Cir. 1984) (citations omitted); *see also Worldwide Church of God v. McNair*, 805 F.2d 888 (9th Cir. 1986).  Plaintiffs allege that Bank defendants acted jointly with the state in denying plaintiffs their due process rights.  This, however, is inconsistent with plaintiffs' contention that they only seek to redress wrongs perpetrated by Bank defendants, and not the state court system.

The Ninth Circuit has stated the general rule for determining whether the *Rooker-Feldman* doctrine is applicable: "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.  If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction."  *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).  Plaintiffs attempt to fall on the winning side of this general rule by emphasizing repeatedly that Bank defendants, and not the state court

---

[1] In plaintiffs' Motion to Vacate Judgment filed in Washington County Circuit Court, they alleged that the default judgment was entered erroneously because: "[1] Plaintiff did not give the Reussers notice of application for default as required by ORCP 69A. [2] No affidavit of compliance with the ORCP 69A notice was provided to the court as required by ORCP 69A. . . . [3] Mrs. Reusser was not named in the Complaint, Amended Complaint, summons or judgment. ORCP 7C(1)(a), ORCP 16A."  The allegations of wrongful pre-judgment acts presented in the Complaint before this court mirror those above, adding only failure to inform the trial court that plaintiffs had attempted to file a response to the complaint and intended to defend the action, and an alleged failure to inform the court that plaintiffs' response was returned to the wrong address. These allegations, without more, are insufficient to support an independent claim under Section 1983.

system, are responsible for the legal wrongs alleged.  The state court heard and rejected this argument already.  Plaintiffs' challenge unavoidably encompasses an assertion that the Washington County Circuit Court was also wrong to deny their motion to vacate the judgment, and that the Court of Appeals was wrong to uphold that decision on appeal.  In light of this, plaintiffs' first claim must be barred by the *Rooker-Feldman* doctrine.

Plaintiffs also allege that Bank defendants' wrongs constitute extrinsic fraud similar to that discussed in *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004).  That decision recognized that " a plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court; rather he or she is alleging a wrongful act by the adverse party." *Id*.  This court views plaintiffs' allegations in this regard as an untimely attempt to invoke the theories presented in *Kougasian*.  These assertions of extrinsic fraud are unsupported and are rejected.

Plaintiffs next contend that Gertrude Reusser was not a party to the state court case.  Plaintiffs' position here arises because the *Rooker-Feldman* doctrine is inapplicable to a litigant who is not a party to the state case.  *So. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 805 (9th Cir. 2002) (citations and footnote omitted).

The Washington County Circuit Court found this argument unpersuasive when advanced in plaintiffs' Motion to Vacate Judgment.  So did the Oregon Court of Appeals.  This court likewise finds that Gertrude Reusser was a party to the state case, and that the default judgment applied to her as well as to Kenneth Reusser.  The complaint and summons was directed to "all other occupants" and was sufficient to name Gertrude Reusser.  Her signature and fingerprints on the Petition and her subsequent participation in the proceedings demonstrate that she received actual notice of the action.  This establishes valid service under Oregon Rule of Civil Procedure 7G.  Even if plaintiffs' argument were

persuasive, the *Rooker-Feldman* doctrine and principles of *res judicata* would compel this court to decline to reconsider the state court decision.

Plaintiffs also argue that the *Rooker-Feldman* doctrine is inapplicable here because state law forbids counterclaims in non-residential[2] eviction actions, depriving plaintiffs of an opportunity to litigate their current claims in the prior state court action. Plaintiffs assert correctly that they were unable to raise counterclaims to the state court action. However, this court concludes that they could have raised their current claims as procedural defenses to the state action. The issues in two actions need not be identical for the claims to be precluded; the *Rooker-Feldman* doctrine requires only that the claims be "inextricably intertwined." *Feldman*, 460 U.S. at 483 n.16. Therefore, the fact that plaintiffs' claims could have been raised as defenses rather than counterclaims is irrelevant for the purposes of determining preclusion under the *Rooker-Feldman* doctrine.

Plaintiffs also contend that there is no evidence that the trial court denied their motion to set aside the default judgment on the merits. They claim that the trial court's denial of the motion without express rulings on specific issues raises a possibility that the trial court never reached the issues' merits. However, there is no evidence indicating that the motion was denied for any reason other than after an evaluation of the merits regarding the issues raised.

Plaintiffs identify one case in which a court refused to apply the *Rooker-Feldman* doctrine after a complaint had been dismissed without prejudice. *See Merrill Lynch Bus. Fin. Serv., Inc. v. Nudell*, 363 F.3d 1072 (10th Cir. 2004). Under the Colorado law applicable in that case, however, a dismissal without prejudice is construed as not involving the merits of the case. *Id.* at 1074. Where, as here, there

---

[2]Non-residential eviction proceedings are appropriate here, despite the fact that the land in question is a residence. The Residential Landlord and Tenant Act, ORS Chapter 90, applies only where there is a rental agreement between the parties. In all other cases "non-residential" eviction proceedings under ORS 86.755(5) and ORS Chapter 105 apply.

is no evidence that the state court failed to decide the motion to set aside the default judgment on the merits, this court concludes that the *Rooker-Feldman* doctrine applies.

Plaintiffs also refer to a lack of wealth and assets to remain in the property at issue. Even if this lack of resources lessens plaintiffs' confidence regarding their access to the appellate system, they were not deprived of careful judicial review. Plaintiffs pursued the appellate process vigorously and have had an adequate hearing of their due process claims. Plaintiffs' argument that they have had no meaningful appellate review is not construed as meritorious simply because they failed to obtain the relief that they sought.

Defendants argue that plaintiffs' common law claims raised in Claims Two, Three, and Four are inextricably intertwined with the prior state court judgment and, as such, must be barred by the *Rooker-Feldman* doctrine as well. Common law claims such as breach of contract, trespass, and conversion have been found to be inextricably intertwined with a prior state foreclosure judgment. *Postma v. First Fed. Savings & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996); *Marriot Int'l Inc. v. Mitsui Trust & Banking Co., Ltd.*, 13 F. Supp. 2d 1059, 1063 (D. Haw. 1998); *Smith v. Weinberger*, 994 F. Supp. 418, 423 (E.D.N.Y. 1998). Plaintiffs' common law claims all stem directly from the state court's judgment for eviction. Essentially, plaintiffs' claims challenge the validity of the state court foreclosure and eviction judgments. This court concludes that these claims are therefore inextricably intertwined with a prior state foreclosure judgment

Defendants also argue, and this court concurs, that there is no subject matter jurisdiction over these common law claims. The Nakamoto defendants destroy diversity, and there is no reason to exercise supplemental jurisdiction over these claims. *See Ritter v. Ross*, 992 F.2d 750, 755 (7th Cir. 1993) (finding no subject matter jurisdiction because the claims were barred by the *Rooker-Feldman*

doctrine, and even if the *Rooker-Feldman* doctrine had not barred the action, the plaintiffs had adequate

avenues for relief in state court).

**2.  Alternatively, should the First Claim be dismissed for failing to allege state action sufficient to**

**state a claim upon which relief can be granted?**

Generally, dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is

denied "unless it appears beyond doubt that [a] plaintiff can prove no set of facts in support of his [or

her] claim" that would entitle the plaintiff to relief.  *SmileCare Dental Group v. Delta Dental Plan of*

*Calif., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted).  For purposes of a motion to dismiss, a

complaint must be construed liberally in favor of a plaintiff, and all factual allegations set forth in the

complaint are to be accepted as true.  *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004).

A motion to dismiss for failure to state a claim is granted only if, after accepting all well-pleaded

allegations in the complaint as true and viewing them in a light most favorable to the plaintiff, the

plaintiff is deemed not entitled to relief.  *Id.*

Bank defendants argue that Claim One fails to state a claim because it alleges insufficient state

action in both the foreclosure process and the excessive force claim.  Plaintiffs argue that Wachovia and

Washington Mutual acted jointly with the state.  Under the joint action test, the court considers whether

the state has insinuated itself into a position of interdependence with the private entity so much that it

must be recognized as a joint participant in the challenged activity.  *Parks Sch. of Bus., Inc. v.*

*Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995) (internal citation and quotation omitted).

Plaintiffs' "joint action" assertions are rejected.  Deploying appropriate state legal procedures, as

was done here, is insufficient to satisfy the state action requirement.  *Harper v. Fed. Land Bank of*

*Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989) (citations omitted); *Shucker v. Rockwood*, 846 F.2d 1202,

1204-05 (9th Cir. 1988) (citations omitted); *Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir. 1987) (citations omitted).

The court also rejects plaintiffs' allegation that Bank defendants' advice to the Sheriff to use force at the eviction constituted state action. Providing information to law enforcement officialsdoes not turn a private actor into a state actor. *Ginsburg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d. Cir. 1999) (citations omitted); *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (citations omitted).

Additionally, plaintiffs' excessive force claim fails because the Sheriff's conduct was reasonable. In a claim of excessive force under the Fourth Amendment, the reasonableness of a particular use of force is judged from the perspective of a reasonable officer. *Graham v. Connor*, 490 U.S. 386, 396 (1989). In this forcible eviction situation, the court concludes that the officers' entry into the home with drawn guns and a battering ram was reasonable as a matter of law.

Moreover, there is no allegation or proof of physical injury to either plaintiff. Most courts have found physical injury to be a necessary element of an excessive force claim. *Bella v. Chamberlain*, 24 F.3d 1251, 1257-58 (10th Cir. 1994) ("[W]e have never upheld an excessive force claim without some evidence of physical injury."); *Latta v. Keryte*, 118 F.3d 693, 702 (10th Cir. 1997) (finding no excessive force when the extent of plaintiff's physical injury was minimal).

Courts that have upheld claims of excessive force in the absence of physical injury have done so only in particularly egregious cases. *See, e.g.*, *McDonald v. Haskins*, 966 F.2d 292 (7th Cir. 1992) (finding a valid excessive force claim where a police officer held a gun to the head of a nine-year-old boy and threatened to pull the trigger during a search of the boy's residence); *Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998) (finding a valid excessive force claim on behalf of a driver's small children who

were in the car when, during a routine traffic stop and subsequent chase, a police officer threatened to kill the driver and shot at the car after being ordered not to by superiors).  The facts presented here fall short of being egregious.

In a claim of excessive force under the Fourth Amendment, the reasonableness of a particular use of force is judged from the perspective of a reasonable officer.  *Graham v. Connor*, 490 U.S. 386, 396 (1989).  In this forcible eviction situation, the court concludes that the officers' entry into the home with drawn guns and a battering ram was reasonable as a matter of law.

**3.  Should the Fifth Claim be dismissed because plaintiffs are collaterally estopped from relitigating the earlier judgment of the Bankruptcy Court?**

Plaintiffs' Fifth Claim alleges a violation of automatic stay under 11 United State Code Section 362(h).  This claim must be precluded on grounds of collateral estoppel, because the Bankruptcy Court lifted the automatic stay on the foreclosure.  The Ninth Circuit recognized the following requirements for collateral estoppel: "(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action."  *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992) (citations omitted). Here all three elements are met.  Plaintiffs' argument that the issues are not identical because the parties are not identical fails: federal law requires only that the party against whom preclusion is asserted be the same.  *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327-328 (1979); *see also Blonder-Tongue Lab., Inc. v. Univ. of Ill. Foundation*, 402 U.S. 313 (1971).

Plaintiffs acknowledge that Wachovia is a real party in interest, but argue that it was Washington Mutual, Wachovia's "attorney in fact," that obtained relief from the automatic stay.  Plaintiffs contend

that therefore, Wachovia should have no rights under that judgment.  This argument is unpersuasive.

The Bankruptcy Court judgment pertained to the deed and property itself, and so by extension to all

parties who held interest in the property.  Because Wachovia had a legal right to enforce the deed of

trust, it was free to proceed with the sale.  *Cent. Va. Comm. College v. Katz*, __ U.S. __, 126 S. Ct. 990,

995 (2006).

Plaintiffs also contend that Washington Mutual lacked standing in Bankruptcy Court, so the

order on which Wachovia relied in going forward with the sale should be construed as a nullity.

Although plaintiffs are correct that Bank defendants have failed to produce evidence of an affiliation

between Wachovia and Washington Mutual, plaintiffs' failure to raise this argument in Bankruptcy

Court constitutes a waiver of this issue for purposes of subsequent litigation.  *Marks v. Brucker*, 434

F.2d 897, 899-900 (9th Cir. 1970) ("When the capacity or standing of a person to sue or be sued or to

object or otherwise participate as a party in interest in a bankruptcy proceedings depends on averment

and proof of facts which might be proved if the claimed deficiency were called to the attention of the

Bankruptcy Court, and no such objection is there made, the objection is ordinarily waived and cannot be

raised or relied upon for the first time on appeal") (citations and footnotes omitted); *see also Biggs v.*

*Mays*, 125 F.2d 693 (8th Cir. 1942); *Jones v. Clower*, 22 F.2d 104, 106 (5th Cir. 1927).

///

///

**CONCLUSION**

For the foregoing reasons, Claims One, Two, Three, and Four are dismissed for lack of subject

matter jurisdiction.  Alternatively, Claim One also would be dismissed for failure to state a claim upon

which relief can be granted, and this court would decline to exercise supplemental jurisdiction over

Claims Two, Three, and Four.  Claim Five is dismissed because plaintiffs are collaterally estopped from

relitigating a prior judgment of the Bankruptcy Court.  Bank Defendants' Motion to Dismiss [8] is

GRANTED.

IT IS SO ORDERED.

Dated this 10    day of August, 2006.


     /s/Ancer L.Haggerty

–
                                                        Ancer L. Haggerty
                                                   United States District Judge